UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARMEL ALLEN, and**
**FELICIA DYER**

    Plaintiffs,                                 CIVIL ACTION NO. 15-CV-12867

vs.                                        DISTRICT JUDGE DAVID M. LAWSON

                                            MAGISTRATE JUDGE MONA K. MAJZOUB

**KARRI OSTERHOUT, MICHAEL**
**MARTIN, JOHN DOE, RADWAN**
**MARDINI, MILLICENT WARREN,**
**ANTHONY STEWART, ANNETTE**
**TELLAS, LATASHA BOA, STANLEY**
**BRAGG, RASHID ANSARI, MONIQUE**
**HARGROVE, and LARRY SAUNDERS,**

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT [19]

Plaintiffs Charmel Allen and Felicia Dyer, prisoners at the Women's Huron Valley Correctional Facility in Ypsilanti,[1] Michigan, filed their Complaint under 42 U.S.C. § 1983 alleging that Defendants violated the First Amendment, the Eighth Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by impeding their right to practice Judaism without interference and by retaliating against them for filing grievances. (*See* docket no. 1.) Plaintiffs seek injunctive and monetary relief. (*See id.* at 14-15.) Before the Court is Defendant Osterhout, Stewart, Tellas, Boa, and Brags' Motion for a More Definite Statement. (Docket no. 19.) The remaining Defendants have not yet been served

---

[1] Plaintiff Dyer is still incarcerated at Huron Vallen, but Plaintiff Allen has been released on parole.

1

in this matter.   Plaintiffs have not filed a Response.   All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 20.)   The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e) and is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

With regard to substance, the Federal Rules of Civil Procedure only require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, a party may file a motion for a more definite statement if the complaint is still "so vague or ambiguous that the [responding] party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).   Defendants request that the Court order Plaintiffs to file an Amended Complaint because the Complaint is unclear with regard to which allegations relate to which Plaintiff.   (Docket no. 19.)

The Court agrees with Defendants that the Complaint, as written, is vague and ambiguous with regard to the identity of the Plaintiffs in each of the allegations.  Plaintiffs Dyer and Allen filed their Complaint jointly, but they regularly use the singular pronoun "Plaintiff" or the singular possessive "Plaintiff's" in their factual allegations without identifying the Plaintiff to which they are referring.  It is unclear which allegations relate to Plaintiff Dyer, which allegations relate to Plaintiff Allen, or which allegations relate to the Plaintiffs jointly.  The Court will, therefore, grant Defendants' Motion and will order Plaintiffs to file an Amended Complaint within 28 days. The Amended Complaint must clearly identify the allegations related to each Plaintiff so that Defendants can properly prepare a response.  Failure to comply with this order may result in sanctions, including dismissal of Plaintiffs' claims.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of

this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 12, 2016

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served on Plaintiffs Charmel Allen and Felicia Dyer and on counsel of record on this date.

Dated: May 12, 2016

s/ Lisa C. Bartlett
Case Manager

3