**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CHARMEL ALLEN, and**
**FELICIA DYER**

    **Plaintiffs,**                                    **CIVIL ACTION NO. 15-CV-12867**

**vs.**                                                  **DISTRICT JUDGE DAVID M. LAWSON**

                                                        **MAGISTRATE JUDGE MONA K. MAJZOUB**

**KARRI OSTERHOUT, MICHAEL**
**MARTIN, JOHN DOE, RADWAN**
**MARDINI, MILLICENT WARREN,**
**ANTHONY STEWART, ANNETTE**
**TELLAS, LATASHA BOA, STANLEY**
**BRAGG, RASHID ANSARI, MONIQUE**
**HARGROVE, and LARRY SAUNDERS,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiffs Charmel Allen and Felicia Dyer, prisoners at the Women's Huron Valley Correctional Facility in Ypsilanti,[1] Michigan, filed their Complaint under 42 U.S.C. § 1983 alleging that Defendants, employees of the Michigan Department of Corrections ("MDOC") and former employees of Aramark Food Services, violated the First Amendment, the Eighth Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by impeding their right to practice Judaism without interference and by retaliating against them for filing grievances. (*See* docket no. 1.) Plaintiffs seek injunctive and monetary relief. (*See id.* at 14-15.) Before the Court are the MDOC Defendants' Motions to Dismiss Allen and to Sever Based on Misjoinder of Parties and Claims (docket no. 30, 46), and the

---

[1] Plaintiff Dyer is still incarcerated at Huron Valley, but Plaintiff Allen has been released on parole.

1

Aramark Defendants Ansari and Hargrove's Motion to Dismiss (docket no. 48.) Plaintiff Dyer submitted a letter related to the MDOC Defendants' first Motion. (Docket no. 47.) Plaintiff Allen has not responded to any of the motions. There also remains an unnamed defendant in this case who is the subject of an outstanding Order to Show Cause (docket no. 36), which the undersigned addresses herein. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 20.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f)(2) and issues this Report and Recommendation.

**I.     Recommendation**

For the reasons that follow, the undersigned recommends that the MDOC Defendants' Motions to Dismiss Allen and to Sever Based on Misjoinder of Parties and Claims (docket nos. 30, 46) be **GRANTED IN PART**. The undersigned further recommends that the Aramark Defendants Ansari and Hargrove's Motion to Dismiss (docket no. 48) be **GRANTED**. The claims filed by Plaintiff Allen against all Defendants should be **DISMISSED**. The claims filed by Plaintiff Dyer against the Aramark Defendants should also be **DISMISSED**, and the claims filed by Plaintiff Dyer against the unnamed defendant should be **DISMISSED WITHOUT PREJUDICE**.

**II.    Report**

**A. Factual Background and Procedural History**

Plaintiffs Dyer and Allen initiated this action on August 7, 2015. (Docket no. 1.) At that time, both were imprisoned at the Women's Huron Valley Correctional Facility ("WHV"). In their original Complaint, they alleged claims against the following MDOC employees,[2] all in their

---

[2] Defendants are listed as Plaintiff identifies them; Defendants have never confirmed whether they

2

individual and official capacities: 1) Kari Ousterhout, the Deputy Warden for Programming at WHV; 2) Michael Martin, the MDOC Special Activities Coordinator; 3) Radwan Mardini, a Chaplain at WHV; 4) Millicent Warren, a Warden at WHV; 4) Anthony Stewart, also a Warden at WHV; 5) Annette Tellas, then-acting Chaplain in charge of Religious Services at WHV; 6) Latasha Boa, a Grievance Coordinator for WHV; 7) Stanley Bragg, another Grievance Coordinator at WHV; 8) Larry Saunders, another Chaplain at WHV; and 9) John Doe, a Special Activities Coordinator at WHV. (Docket no. 1 at 3-4.) They also alleged claims against two food service supervisors at Aramark Food Services (MDOC's former food contractor), Rashid Ansari and Monique Hargrove. (*Id.* at 4.) Their claims against the Aramark Defendants and several of the MDOC Defendants relate to these defendants' alleged interference with their freedom to practice their religion, Judaism. They also alleged claims relating to the prison grievance system specifically against MDOC Defendants Boa, Bragg, Warren, and Stewart.

On May 12, 2016, the undersigned granted Defendants' Motion for a More Definite Statement. (Docket no. 21.) The Opinion and Order granting the Motion provides:

> The Court agrees with Defendants that the Complaint, as written, is vague and ambiguous with regard to the identity of the Plaintiffs in each of the allegations. Plaintiffs Dyer and Allen filed their Complaint jointly, but they regularly use the singular pronoun "Plaintiff" or the singular possessive "Plaintiff's" in their factual allegations without identifying the Plaintiff to which they are referring. It is unclear which allegations relate to Plaintiff Dyer, which allegations relate to Plaintiff Allen, or which allegations relate to the Plaintiffs jointly. The Court will, therefore, grant Defendants' Motion and will order Plaintiffs to file an Amended Complaint within 28 days. The Amended Complaint must clearly identify the allegations related to each Plaintiff so that Defendants can properly prepare a response. Failure to comply with this order may result in sanctions, including dismissal of Plaintiffs' claims.

(*Id.* at 2.) This Opinion and Order was served upon Plaintiff Dyer at WHV, and served upon

---

actually hold the positions Plaintiffs allege.

Plaintiff Allen at her address of record. (*See* May 12, 2016, text-only certificates of service; *see also* docket no. 16, Plaintiff Allen's "Notice of Change of Address/Contact Information.")

On June 6, 2016, Plaintiff Dyer filed a "Response to Motion for More Definite Statement," which is clearly intended to be an Amended Complaint, and which should be treated as such. This Amended Complaint is substantially similar to the original Complaint, but it does specify that most of the factual allegations involve both Plaintiffs. (Docket no. 22.) Plaintiff Allen did not sign the Amended Complaint, nor did she file her own amended complaint or otherwise respond to the Opinion and Order Granting Defendant's Motion for a More Definite Statement.

On July 19, 2016, the first group of MDOC Defendants[3] filed their Motion to Dismiss Allen and to Sever Based on Misjoinder of Parties and Claims. (Docket no. 30.) They argue that Plaintiff Allen should be dismissed from the case for failure to prosecute under Federal Rule of Civil Procedure 41(b), based on the fact that she failed to sign Plaintiff Dyer's Amended Complaint or file her own amended complaint. (*Id.* at 8-10.) As for Plantiff Dyer, they argue that she states "numerous distinct First Amendment and due process claims," several of which should be severed in accordance with Federal Rules of Civil Procedure 20 and 21. (*Id.* at 11-14.)

Seven months later, on October 27, 2016, Plaintiff Dyer mailed a letter to the "Clerk of the court," in response to Defendants' Motion. (Docket no. 47.) She contends that the reason Plaintiff Allen did not sign the Amended Complaint is that Plaintiff Allen was paroled and WHV had not given them permission to correspond, such that contacting Plaintiff Dyer could cause a violation of Plaintiff Allen's terms of parole. (*Id.*) Plaintiff Dyer does not address Defendants' argument regarding the severance of her claims. Plaintiff Allen never responded to the Motion or

---

[3] The first Motion was filed by MDOC Defendants Osterhout, Stewart, Tellas, Boa, and Bragg only (docket no. 30 at 2), because the remaining MDOC Defendants had not yet been served.

to Plaintiff Dyer's letter.

In the interim, on August 19, 2016, the undersigned entered an Order to Show Cause why the claims against the unnamed defendant should not be dismissed, based on the fact that the case had been pending for over a year and Plaintiffs had yet to identify him so that he could be served. (Docket no. 36.) Plaintiffs were given until September 9, 2016, to respond, which they did not do. (*Id.* at 2.) The remaining MDOC Defendants (Martin, Mardini, Warren, and Saunders) were also served, and then filed their Motion to Dismiss Plaintiff Allen and Motion to Sever Based on Misjoinder of Parties and Claims on October 24, 2016 (docket no. 46), which adopts the same arguments as the other MDOC Defendants' previously filed Motion to Dismiss and Sever.

The Aramark Defendants filed their Motion to Dismiss on November 23, 2016. (Docket no. 48.) They argue that Rule 11 is also an appropriate basis for dismissing Plaintiff Allen's claims due to her failure to sign Plaintiff Dyer's Amended Complaint. (Docket no. 48 at 8-9.) They further argue that Plaintiff Dyer's claims against them should be dismissed because the only factual allegations involving the Aramark Defendants relate to Plaintiff Allen. (*Id.* at 7-9.)

Neither Plaintiff responded to either of these motions.

  **B.**  **Governing Law and Analysis**

    *i.*  *The Claims filed by Plaintiff Allen*

All Defendants argue that Plaintiff Allen's claims should be dismissed. As discussed above, in May 2016, she was ordered to file an amended complaint, but she never did. (Docket no. 21.) The Amended Complaint filed by Plaintiff Dyer was not signed by Plaintiff Allen, and Plaintiff Dyer, a *pro se* litigant, cannot represent Plaintiff Allen. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is

5

unrepresented."); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("'[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause.'" (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Moreover, Plaintiff Dyer's October 27, 2016 letter makes clear that Plaintiff Allen's failure to sign the Amended Complaint was not inadvertent. (Docket no. 47.) Therefore, only Plaintiff Dyer's claims are properly before the court in the Amended Complaint.

Since entry of the Opinion and Order requiring Plaintiff Allen to file an amended complaint, Defendants have filed three different motions asking for dismissal of her claims, with no response. (Docket nos. 30, 46, 48.) She also never responded to the Order to Show Cause (docket no. 36) regarding her claims against the unnamed defendant. Each of these documents was properly served upon Plaintiff Allen at her address of record, which she updated in November 2015 to reflect that she had been released from prison and had moved to Flint. (Docket no. 16.) Indeed, since updating her address, Plaintiff Allen has not taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

6

The factors weigh in favor of dismissing Plaintiff Allen's claims. There is no indication that her failure to participate in this case is not willful. She has been properly served with the relevant orders and other pleadings in this case and has not responded. The undersigned acknowledges Plaintiff Dyer's allegation that Plaintiff Allen is not permitted to correspond with Plaintiff Dyer, but Plaintiff Allen has also made no effort to independently contact the court since November 2015. Indeed, the motions to dismiss Plaintiff's Allen's claims are totally unopposed by Plaintiff Allen. She was previously given the opportunity to amend her vague and ambiguous original Complaint, and was explicitly warned that her failure to file an amended complaint could result in dismissal of her claims. (Docket no. 21 at 2.) While the prejudice to Defendants appears to have been minimal thus far, they should not be forced to defend against Plaintiff Allen's claims when she has made no effort to prosecute them herself.

For these reasons, the court should dismiss Plaintiff Allen's claims for failure to prosecute and for failure to comply with the Court's order requiring her to file an amended complaint.

> ii. *The Claims filed by Plaintiff Dyer against the Aramark Defendants and the Unnamed MDOC Defendant*

Turning next to Plaintiff Dyer's claims against the Aramark Defendants, if the court accepts the recommendation that Plaintiff Allen's claims be dismissed, the court should also dismiss all remaining claims against the Aramark Defendants. As the Aramark Defendants point out in their Motion to Dismiss, "the only factual averment relating to the Aramark Defendants is the allegation that Ansari and Hargrove denied Allen's request for a Seder meal." (Docket no. 48 at 7-8.) The Aramark Defendants are correct; the only time the Aramark Defendants are mentioned in the Amended Complaint (or the original Complaint) is in the following paragraph:

> On about May 15, 2015[,] Defendants Ansari, and Hargrove of Aramark Food

7

> Service stated no Sedar [sic] meal would be given. The request sent by Plaintiff Allen was received February 10, 2015.

(Docket no. 22 at 8; docket no. 1 at 10.)

As explained above, as a *pro se* litigant, Plaintiff Dyer cannot represent Plaintiff Allen. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."). And, Plaintiff Dyer lacks standing to assert claims against the Aramark Defendants based on their alleged deprivation of Plaintiff Allen's rights. *See Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990) (Plaintiff "must allege an injury to himself that is 'distinct and palpable.'" (quotation omitted)). Even assuming the factual allegation against the Aramark Defendants is sufficient to support some sort of claim as to Plaintiff Allen (which is questionable), it clearly does not allege any sort of injury to Plaintiff Dyer; all claims against the Aramark Defendants should therefore be dismissed for lack of standing.

In her Amended Complaint, Plaintiff Dyer also indicates that she wishes to sue an unnamed MDOC employee, one of the "Special Activities Coordinator[s] over the Michigan Department of Corrections, including Religious Service Programs." (Docket no. 22 at 3.) He allegedly violated her rights by interfering with her ability to practice Judaism in various ways between 2009 and 2015. (*Id.* at 5, 8, 10-11.) As noted above, the undersigned entered an Order to Show Cause why the claims against this unnamed defendant should not be dismissed based on the fact that Plaintiff failed to identify him so that he could be served within the time allotted by Federal Rule of Civil Procedure 4(m). (Docket no. 36.) Plaintiff did not respond to the Order, and has not otherwise shown such good cause for her failure to identify him so that he can be served. This unnamed

defendant should therefore be dismissed from the action for Plaintiff's failure to comply with Rule 4(m). The dismissal should be without prejudice, in accordance with the Rule. *See id.*

### iii. Severance of Remaining Claims filed by Plaintiff Dyer

Finally, the MDOC Defendants argue that Plaintiff Dyer's remaining claims should be severed and prosecuted as separate actions.[4] They propose that Plaintiff Dyer be allowed to proceed in this action on her "religious" claims against Defendants Mardini, Osterhout, and Martin, related to their alleged refusal to allow Jewish services from February through September 2013. All other claims, they argue, should be dismissed as improperly joined. (Docket no. 30 at 11-13.)

Under Rule 21, a court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. District courts have broad discretion with regard to severance under Rule 21. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159-60 (S.D.N.Y. 2009); *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir.1983).

When considering a Rule 21 motion to sever, courts look to Rule 20 for guidance. *Coal. to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality by Any Means Necessary v. Regents of the Univ. of Mich.*, 701 F.3d 466, 489 (6th Cir. 2012) (rev'd on other grounds, 134 S. Ct. 1623 (2014)); *see also In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir.2010); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir.1997). Under Rule 20(a)(1), joinder of Plaintiffs is

---

[4] The Aramark Defendants also argue, as an alternative to their dismissal from the case, that Plaintiff Dyer's claims should be severed from Plaintiff Allen's. (Docket no. 48 at 9-11.) The undersigned has recommended that Plaintiff Allen's claims be dismissed and that Plaintiff Dyer's claims against the Aramark Defendants also be dismissed, and therefore will only consider the MDOC Defendants' Motions regarding severance of Plaintiff Dyer's claims.

9

proper if "(A) [the plaintiffs] assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Similarly, joinder of Defendants is proper if "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But courts also consider "(1) whether severance would serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *See, e.g.*, *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y.2008) (citations omitted).

"The joinder of claims, parties, and remedies is 'strongly encouraged' when appropriate to further judicial economy and fairness." *Prince v. Elum*, Case No. 12-cv-15526, docket no. 4 at 7 (E.D. Mich. Jan. 14, 2013) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)). Nevertheless, parties should not given "free reign to join multiple defendants into a single lawsuit when the claims are unrelated." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam)); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The moving party bears the burden of demonstrating that "severance is needed to avoid prejudice or confusion and to promote the ends of justice." *See Bey v. City of N.Y.*, No. 99 Civ. 3873(LMM), 2009 WL 1911742, at *1 (S.D.N.Y. June 30, 2009) (*citing Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607(PKL), 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000)).

The MDOC Defendants argue that Plaintiff Dyer's claims should be grouped as follows: 1)

"Religious claims against Mardini, Osterhout, and Martin between February and September 2013," which includes claims that these defendants failed to hold Jewish services, failed to solicit a volunteer to lead Jewish services, and refused to allow Plaintiff Dyer to attend other religious services during this time; 2) "Retaliation and religion claims against Tellas, Osterhout, and Mardini between 2013 and 2015," which includes claims that Defendants Tellas and Mardini interfered with Plaintiff Dyer's ability to participate in specific services that *were* held in 2013 and 2015, and claims that all three defendants failed to provide appropriate worship materials; 3) "Due process claims against Boa and Bragg in 2014 and 2015," which includes claims that these defendants delayed the processing of Plaintiff Dyer's grievances; and 4) "Due process claims against Warren and/or Stewart between 2013 and 2015," which includes claims that these defendants failed to investigate grievances and also that Defendant Stewart prevented Plaintiff Dyer from attending a service by confiscating her only clean uniform. (Docket no. 30 at 13.) The MDOC Defendants argue that only the claims in the first group should be allowed to proceed in this case.

The undersigned has thoroughly reviewed Plaintiff Dyer's Amended Complaint, and concludes that the MDOC Defendants have failed to establish that severance of Plaintiff's claims is appropriate in this case. Plaintiff Dyer asserts the MDOC Defendants are jointly and severally liable for monetary damages. (Docket no. 22 at 12.) While she names nine defendants and makes factual allegations covering a period of several years, her "claims," some of which are admittedly difficult to decipher, all essentially relate to the MDOC Defendants' alleged interference with her right to practice Judaism at WHV, and therefore will involve similar questions of law, and at least some overlapping facts and witnesses. As the undersigned reads the

11

Amended Complaint, the alleged interference began with the cancelling of official services and refusal to allow some sort of alternative service led by a volunteer or to provide appropriate worship materials, and then continued even after regular services resumed with specific actions taken against Plaintiff Dyer, such as Defendant Stewart's alleged confiscation of Plaintiff Dyer's only clean uniform and Defendant Tellas's failure to "call out" Plaintiff Dyer for the Jewish service. (Docket no. 22 at 2-8.) Rule 20 expressly allows for joinder of claims which arise out of the same "series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). When Plaintiff Dyer complained about the lack of services and her personal ability to attend them, she claims she was retaliated against and that her complaints to MDOC officials were mishandled so as to prevent any meaningful redress. (*Id.* at 9.) She also contends that prisoners of other religions were not similarly mistreated. (*Id.* at 10-11.)

The MDOC Defendants argue, for example, that Plaintiff Dyer's grievance-related claims against Defendants Boa and Bragg "ha[ve] nothing to do with" the first group of religious interference claims. (Docket no. 30 at 13-14). However, a review of the actual grievances (which are attached to Plaintiff Dyer's original Complaint and filed separately at docket no. 29), reveals that the grievances at issue relate specifically to Plaintiff's so-called "religious claims," albeit from 2014-15 rather than 2013. (*See* docket no. 1 at 20-66; docket no. 29.) A December 6, 2014 grievance states, "[d]ue to a lack of volunteer[s] for Jewish services, and Deputy Osterhout['s] refusal to contact messianic Jewish Parish's, to come in and teach and her refusal to appoint someone to lead I, along with other attendees have become very discouraged." (Docket no. 29 at 4.) An October 15, 2015 grievance states, "The two religious volunteers came for Jewish services. . . . The Chaplain Tellas did not inform me that the volunteers have come to

12

facilitate Jewish services, nor was I was placed on the master call-out to attend services." (*Id.* at 26.) Moreover, not all of Plaintiff's allegations are captured by the groupings proposed by Defendants. For example, Plaintiff also alleges religious claims against Warren and Stewart from "2009-2015." (Docket no. 22 at 5.)

The MDOC Defendants rely heavily on an Opinion and Order entered by Judge Rosen in *Prince v. Elum*, case no. 12-cv-15526, docket no. 4 (E.D. Mich. Jan. 14, 2013), in which several of the plaintiff's § 1983 prison conditions claims were severed. In that case, the plaintiff's first two counts (which were allowed to proceed) alleged that in 2009 and 2011, one librarian defendant refused to make photocopies for the plaintiff and then conspired with another defendant to retaliate against the plaintiff "by deliberately filing false medical diagnoses so that Plaintiff would be terminated from the special library programs for the blind and physically handicapped." (*Id.* at 8.) The remaining counts all related to allegations that several other defendants denied the plaintiff medical care and medical supplies. The court reasoned that, "[c]onsideration of Plaintiff's claims of denial of medical care, supplies and diet will entail review of his medical records, as well as his numerous grievances regarding these claims, that have no connection with the issues involving Librarian Elum and the denial of [p]laintiff's photocopies or his library access." (*Id.* at 9.) The undersigned therefore finds that case distinguishable from the case at bar.

It is therefore recommended that the MDOC Defendant's request to sever Plaintiff's "religious" claims from 2013 from the rest of the claims in her complaint be denied.

### C. Conclusion

For the above-stated reasons, the undersigned recommends that the MDOC Defendants'

13

Motions to Dismiss Allen and to Sever Based on Misjoinder of Parties and Claims (docket nos. 30, 46) be **GRANTED IN PART**. The undersigned further recommends that the Aramark Defendants Ansari and Hargrove's Motion to Dismiss (docket no. 48) be **GRANTED**. The claims filed by Plaintiff Allen against all Defendants should be **DISMISSED**. The claims filed by Plaintiff Dyer against the Aramark Defendants should also be **DISMISSED**. The claims filed by Plaintiff Dyer against the unnamed defendant should be **DISMISSED WITHOUT PREJUDICE**.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise

14

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 19, 2017         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs and counsel of record on this date.

Dated: January 19, 2017         s/ Lisa C. Bartlett
                                Case Manager