UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARMEL ALLEN, and FELICIA
MARIE DYER,

        Plaintiffs,                       Case Number 15-12867
v.                                             Honorable David M. Lawson
                                                Magistrate Judge Mona K. Majzoub
KARI OSTERHOUT, MICHAEL MARTIN,
RADWAN MARDINI, MILLICENT
WARREN, ANTHONY STEWART, TELLAS,
BOA , BRAGG, ANSARI, HARGROVE,
LARRY SAUNDERS, and JOHN DOE,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING
PLAINTIFF'S OBJECTION, GRANTING MDOC DEFENDANTS' MOTIONS TO
DISMISS ALLEN AND TO SEVER BASED ON MISJOINDER OF PARTIES AND
CLAIMS, AND GRANTING THE ARAMARK DEFENDANTS' MOTION TO DISMISS,**

     Presently before the Court is the report issued on January 19, 2017 by Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b), recommending that the Court grant in part the MDOC defendants' motions to dismiss defendant Charmel Allen and to sever based on misjoinder of parties and claims, grant defendants Ansari and Hargrove's ("Aramark defendants") motion to dismiss, dismiss plaintiff Allen's claims, and dismiss without prejudice plaintiff Dyer's claims against the John Doe defendant. On February 21, 2017, plaintiff Felicia Marie Dyer timely filed a single objection to the magistrate judge's report. Dyer objects to the recommendation that the John Doe defendant should be dismissed. Dyer also noted in her response to the magistrate's report that she agrees that the Aramark defendants should be dismissed from this case. The matter is before the Court for a *de novo* review.

Plaintiff Dyer is currently a prisoner at the Women's Huron Valley Correctional Facility in Ypsilanti. She and plaintiff Allen filed their complaint under 42 U.S.C. § 1983 alleging that the defendants violated the First Amendment, the Eighth Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act by impeding their right to practice Judaism without interference and by retaliating against them for filing grievances. One of the defendants named in the complaint is a John Doe defendant who Dyer says was the special activities coordinator over the Michigan Department of Corrections between 2009 and 2015. On August 19, 2016, the magistrate judge entered an order to show cause why the John Doe defendant should not be dismissed for failure to serve him the summons and complaint within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). The order required a response by September 9, 2016. Neither plaintiff filed a response to the order to show cause.

The magistrate judge recommends dismissing the John Doe defendant because the plaintiffs did not respond to the show cause order, and have not otherwise shown good cause for their failure to identify him so that he can be served. In her objection, plaintiff Dyer argues that although designating a John Doe defendant is not favored in federal courts, doing so is appropriate when, as here, the defendant's identity is unknown, but can be identified easily through discovery. *See Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (table decision). Dyer asks the Court not to dismiss the John Doe defendant because she contends that defendant Michael Martin, John Doe's predecessor, will be able to identify him through discovery.

Because plaintiff Dyer failed to respond the magistrate judge's order to show cause, her objection is overruled. The John Doe defendant will be dismissed without prejudice. Should Dyer

learn the name of the John Doe defendant during the course of discovery, she can move to amend the complaint, which may or may not relate back to the filing of her complaint.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #50] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objection to the magistrate judge's report and recommendation [dkt #56] is **OVERRULED**.

It is further **ORDERED** that the motion to dismiss by defendants Karri Osterhout, Anthony Stewart, Tellas, Boa, and Bragg [dkt. #30] is **GRANTED IN PART**.  Plaintiff Charmel Allen's claims against defendants Karri Osterhout, Anthony Stewart, Tellas, Boa, and Bragg are **DISMISSED**.  The motion is **DENIED** in all other respects.

It is further **ORDERED** that the motion to dismiss by defendants Michael Martin, Radwan Mardini, Millicent Warren, and Larry Saunders [dkt. #46] is **GRANTED IN PART**.  Plaintiff Charmel Allen's claims against defendants Michael Martin, Radwan Mardini, Millicent Warren, and Larry Saunders are **DISMISSED**.  The motion is **DENIED** in all other respects.

It is further **ORDERED** that the motion to dismiss by defendants Ansari and Hargrove [dkt. #48] is **GRANTED**.  Plaintiff Felicia Marie Dyer's claims against defendants Ansari and Hargrove are **DISMISSED WITH PREJUDICE**.  Plaintiff Charmel Allen's claims against defendants Ansari and Hargrove are **DISMISSED**.

It is further **ORDERED** that the plaintiffs' claims against defendant John Doe are

**DISMISSED WITHOUT PREJUDICE**.

                                                   s/David M. Lawson
                                                   DAVID M. LAWSON
                                                   United States District Judge

Dated: February 24, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2017.

                               s/Susan Pinkowski
                               SUSAN PINKOWSKI