UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA MARIE DYER,

                Plaintiff,                               Case Number: 15-12867
                                                         Honorable David M. Lawson
v.                                                   Magistrate Judge Mona K. Majzoub

KARRI OSTERHOUT, MICHAEL
MARTIN, RADWAN MARDINI,
MILLICENT WARREN, ANTHONY
STEWART, ANNETTE TELLAS,
LATASHA BOA, STANLEY BRAGG,
and LARRY SAUNDERS,

                Defendants,

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S AND DEFENDANTS'
OBJECTIONS, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, AND RE-REFERRING CASE TO MAGISTRATE JUDGE**

     Plaintiff Felicia Marie Dyer, an inmate at the Women's Huron Valley Correctional Facility

(WHV), filed a complaint in this Court alleging that several prison officials and employees

interfered with her right to practice Judaism by cancelling services, preventing her from attending

other services, and failing to recruit volunteers to conduct services.  She also alleges that the

defendants retaliated against her for filing grievances relating to those complaints.  The Court

referred this case to Magistrate Judge Mona K. Majzoub for pretrial management.  Thereafter, the

defendants filed a joint motion for summary judgment, attacking some but not all of the plaintiff's

claims.  Judge Majzoub filed a report on May 8, 2018 recommending that the motion be granted

in part.  Both sides filed timely objections, and the matter is before the Court for fresh review.

Another plaintiff joined in the complaint when the lawsuit began. That individual no longer is a part of the case, and the claims relating to her have been dropped. Upon direction from the magistrate judge, plaintiff Dyer filed a more definite statement, which has been treated as an amended complaint.

The plaintiff's primary complaint is that Jewish services were cancelled and that she was therefore denied the opportunity to worship for a period of approximately "six or seven months" beginning in February 2013. She also alleged that she was not allowed to attend other religious services while the Jewish ones were not being offered unless she changed her registered religion with the institution.

Dyer identified several individuals as defendants in her original complaint, but the ones that remain are: 1) Karri Osterhout, Deputy Warden for Programming at WHV; 2) Michael Martin, the Michigan Department of Corrections (MDOC) Special Activities Coordinator; 3) Radwan Mardini, a former Chaplain at WHV; 4) Millicent Warren, a Warden at WHV; 4) Anthony Stewart, a Warden at WHV; 5) Annette Tellas, acting Chaplain in charge of Religious Services at WHV; 6) Latasha Boa, a Grievance Coordinator for WHV; 7) Stanley Bragg, a Grievance Coordinator at WHV; and 8) Larry Saunders, a former Chaplain at WHV.

The defendants contend that the suspension of Jewish services at WVH was due to a lack of volunteers. The plaintiff alleges that on November 30, 2013, she suggested to defendants Mardini and Osterhout that they recruit a Messianic Jewish volunteer instead, since the Orthodox volunteers had been unwilling to commit. Mardini and Osterhout refused that request. On December 21, 2013, Mardini attended Jewish services and, according to the complaint, yelled at the plaintiff and others, nearly hitting one inmate, being aggressive, and spitting into the trash can

upon leaving the room. The plaintiff alleges this behavior was in retaliation for her filing a grievance over the November 30th interactions. Osterhout viewed video footage of the activity on December 21, 2013 and dismissed the claim as Mardini merely "talk[ing] with his hands." In 2015, the plaintiff and other practicing Jewish women requested supplies for a traditional Jewish Passover Sedar approximately 30 days before Passover. The supplies were not ordered and Osterhout ordered a pictorial Sedar instead.

The plaintiff alleges that although the Jewish services were cancelled for a time, other religious services were not interrupted, and some, namely Protestant and Catholic, had multiple services per week. Additionally, Native American services were allowed to proceed without an external volunteer and notifications regarding special meal service for Muslims during Ramadan were provided, yet they were denied for Jewish Passover.

Dyer brought claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA); and via 42 U.S.C. § 1983, the Petition Clause of the First Amendment, the Eighth Amendment, the Fourteenth Amendment, the Free Exercise Clause of the First Amendment, and a retaliation theory based on the Free Speech Clause of the First Amendment. The RLUIPA claim is directed against defendants Osterhout and Tellas based on certain actions by them that allegedly placed a substantial burden on the plaintiff's religious exercise rights. The Petition Clause claims are brought against defendants Boa, Bragg, Osterhout, Tellas, Stewart, and Warren. The Eighth Amendment claim is leveled against defendant Mardini for the behavior exhibited at the December 21, 2013 Jewish service. The free exercise claim names defendants Osterhout, Martin, Mardini, Stewart, and Tellas. And the retaliation claim is directed against defendants Osterhout and Tellas. The plaintiff brought the Fourteenth Amendment equal protection claim against all the defendants. After discovery closed, all the defendants moved for summary judgment.

II.

In her report, the magistrate judge recommended dismissal of the plaintiff's claims under RLUIPA, the Eighth Amendment, the Fourteenth Amendment, and the Redress of Grievances Clause of the First Amendment. The magistrate judge recommended that the free exercise and retaliation claims should not be dismissed.

The magistrate judge found that the plaintiff's claims for monetary relief under RLUIPA were barred by *Haight v. Thompson,* 763 F.3d 554, 570 (6th Cir. 2014), which held that an inmate cannot collect money damages against state prison officials under RLUIPA. Nor did that statute authorize an injunction removing defendant Tellas from her position at WHV. The magistrate judge found that the Eighth Amendment claim against defendant Mardini for cruel and unusual punishment was barred by 42 U.S.C. § 1997e(e), which states that "no Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." The plaintiff did not allege that Mardini took any action that physically injured her. The plaintiff's redress-of-grievances claims were based on her dissatisfaction with the defendants' responses to the institutional grievances she filed. The magistrate judge recommended dismissing those claims under *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011), which held that "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."

Addressing the Fourteenth Amendment claims, the magistrate judge relied on *United States v. Blewett*, which held that a disproportionate effect does not by itself violate the Equal Protection

Clause. *United States v. Blewett*, 746 F.3d 647, 659 (6th Cir. 2006) (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). The plaintiff also must show intentional discrimination against an identifiable group, which, the magistrate judge found, the plaintiff failed to demonstrate. She concluded that the Jewish prisoners were treated differently due to allocation of resources based on the low level of inmate participation in the services, and she found no evidence that unequal treatment was motivated by a discriminatory purpose.

Finally, the magistrate judge recommended the plaintiff's First Amendment free exercise and free speech (retaliation) claims not be dismissed, because the defendants did not address the claims specifically in their motion for summary judgment. They only requested that the Court dismiss the plaintiff's First Amendment claims broadly.

### III.

Both sides filed objections. When objections to a report and recommendation are filed, the Court must give fresh review to "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Court looks to all the evidence presented to the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The objections must be specific enough to allow the district court "to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, and "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "Overly general objections" will not do. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough

to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

A.

The defendants complain that the magistrate judge should not have given the plaintiff a pass on her free exercise and retaliation claims because the plaintiff did not enumerate those claims when asked at her deposition to summarize her amended complaint. They say that they should not have had to spend time addressing claims that the plaintiff did not discuss. But the claims are adequately set forth in the pleadings, and the defendants, on notice that they had been raised, could have attacked them in their summary judgment motion, ignoring them at their peril. The defendants did not even address the merits of those claims in their objections.

The magistrate judge could not have been expected to address arguments that were not made or rule on pleaded claims that were not challenged. And this Court does not give "fresh review" to an issue that the magistrate judge did not discuss and the parties did not argue. The defendants' objections will be overruled. On remand, the magistrate judge may allow the defendants to file a second motion for summary judgment on those claims, if she chooses to do so.

B.

The plaintiff objected to the recommendation to dismiss her RLUIPA, Fourteenth Amendment, and redress-of-grievances claims. She did not object to the dismissal of her Eighth Amendment claim. The Court will adopt that part of the report and dismiss that claim. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (stating that "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.").

1.

The plaintiff argues that she has a viable claim for money damages and injunctive relief under RLUIPA, citing *Price v. Caruso*, 451 F. Supp. 2d 889, 902-03 (E.D. Mich. 2006), in support. She says she is entitled to recover damages, along with an injunction ordering defendant Tellas to be removed from her job at WHV. The Court disagrees.

It is true that RLUIPA prohibits state and local governments from placing a "substantial burden" on the "religious exercise" of any inmate unless they establish that the burden furthers a "compelling governmental interest" and does so in the "least restrictive" way. 42 U.S.C. § 2000cc–1(a). And certainly, the MDOC qualifies as an agency of a government. *See id.* § 2000cc–5(4)(A). And again, the statute allows inmates to seek "appropriate relief" from a "government" for the RLUIPA violations. *Id.* § 2000cc–2(a).

But the Supreme Court made clear in *Sossamon v. Texas*, 563 U.S. 277 (2011), that claims for monetary relief against prison officials in their official capacity were not allowed because of immunity under the Eleventh Amendment. And in *Haight v. Thompson*, the Sixth Circuit held that the phrase "appropriate relief" does not entitle claimants with lawsuits against prison officials in their individual capacity to recover monetary relief. *Haight*, 763 F.3d at 569-70. *Price v. Caruso* does not control that question.

RLUIPA also includes a safety valve allowing governments to avoid liability by changing offending policies to eliminate or mitigate the "substantial burden on religious exercise." *See* 42 U.S.C. § 2000cc-3(e). And a court may issue an injunction to compel a policy change to eliminate or reduce that burden. *See*, *e.g.*, *Holt v. Hobbs,* 135 S. Ct. 853, 861 (2015) (allowing a Muslim to keep a half-inch beard). But ordering the termination or transfer of a prison employee does not fall within the scope of relief authorized by RLUIPA.

No material fact questions remain, and the defendants are entitled to dismissal of this claim as a matter of law. *See* Fed. R. Civ. P. 56(a); *Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The plaintiff's first objection will be overruled.

2.

The plaintiff objects to the dismissal of her redress-of-grievances claim, insisting that defendants Boa and Bragg changed identifier numbers on her grievance forms, causing interference with her court proceedings and preventing her from having evidence to support the alleged misconduct. She relies on the First Amendment, which prohibits a government from "mak[ing] [a] law . . . abridging . . . the right . . . to petition the Government for a redress of grievances." U.S. Const. Amend. I. But although the Sixth Circuit plainly recognizes that an inmate has a First Amendment right to file grievances against prison officials as long as the grievances are not frivolous, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the petition clause affords petitioners only a "'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts,'" *Hill v. Dailey*, 557 F.3d 437, 439 (6th Cir. 2009) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

As the magistrate judge observed, an inmate's right to grieve is not absolute. *See McDonald v. Smith*, 472 U.S. 479, 484 (1985); s*ee also Kennedy v. Tallio*, 20 F. App'x 469, 470 (6th Cir. 2001) (holding that placement of an inmate on a "modified grievance access" list, which required him to obtain permission from the grievance coordinator to file a grievance, did not violate his First Amendment right to seek redress of grievances.); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 447 (6th Cir. 2005) ("[T]here is no constitutional right to a detailed opinion from a grievance coordinator in a prison grievance system."). Addressing the specific complaint here, the

magistrate judge cited a Seventh Circuit case holding that "the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The plaintiff did not address these legal principles in her objections.

The plaintiff's claim — that grievance coordinators modified dates on her forms to deny her access to the grievance appeal process — closely track the facts and claims in *Owens*. And under the rationale in that case, the plaintiff's claims under the Petition Clause fail against all defendants except the grievance counselors Boa and Bragg. Under *Owens*, the alleged mishandling of grievances states no claim unless it is made against the grievance coordinators.

*Kennedy v. Tallio* provides guidance for the claims against Boa and Bragg. In that case, prison officials placed the plaintiff on "modified grievance access," which he said restricted his access to the courts because that status prevented him from exhausting his administrative remedies prescribed by the MDOC. 20 F. App'x at 470. But the court held that even with that restriction, the plaintiff's access to the courts was not compromised, because he was required only to pursue the administrative remedies made available to him. *Id.* at 470-71. The plaintiff's case differs from *Kennedy,* because she was not denied access or given modified access to the grievance process at WHV. But that only serves to fortify *Kennedy*'s application here: the plaintiff had access to the process but did not timely file appeals. Because the plaintiff did not appeal her denial of grievances in a timely matter and defendants Boa and Bragg responded to each grievance with a note that time to appeal had expired, there can be no claim against them for violating the Petition Clause.

3.

The plaintiff also contends that the magistrate judge should not have recommended dismissal of her equal protection claim. She says that she was treated differently than similarly

situated inmates, pointing out that Jewish service attendance and participation in religious services was low due to a lack of supplies, volunteers, notification of events, and ability to meet for services. The plaintiff compares Jewish service to Muslim service and alleges that different minimums in participation were accepted by MDOC employees, even though both religions had very few prisoners attending services. The plaintiff also notes that the defendants restricted participants in Jewish services from reading from the Torah and sharing knowledge or giving direction. The plaintiff states that no other religious affiliations at WHV are prevented from reading from their Holy Book or stating their Holy precepts.

The plaintiff's objections, however, talk past the magistrate judge's reasoning. Certainly, the Equal Protection Clause requires "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). But the Clause prohibits only intentional discrimination. *Washington v. Davis,* 426 U.S. 229 (1976). A government actor's conduct that results in a discriminatory effect, even with an awareness of the consequences, is not enough. *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *see also United Jewish Organizations v. Carey*, 430 U.S. 144, 179 (1977); *United States v. Blewett*, 746 F.3d 647, 659 (6th Cir. 2006). To establish intentional discrimination, a showing must be made that the state official acted with the purpose of creating an adverse impact on an identifiable group. *Ryan v. City of Detroit,* 174 F. Supp. 3d. 964, 971 (E.D. Mich. 2016) (citing *Feeney,* 746 F.3d at 279).

The magistrate judge suggested that the plaintiff did not produce evidence on intentional discrimination by any of the defendants, and therefore summary judgment was appropriate. She concluded that the only reasonable inference allowed by the evidence was that defendants' behavior was motivated by the need to allocate resources based on level of inmate participation, not that the Jewish inmates were treated differently because they were Jewish.

The plaintiff did not explain why the magistrate judge was mistaken in those conclusions, and she has not pointed to any evidence that might support an inference of intentional discrimination. In her objections, the plaintiff merely restated facts that she believed were relevant to the Fourteenth Amendment claim. Those mirrored those previously alleged in the plaintiff's amended complaint, which the magistrate judge found wanting. There is no basis in the record to disturb that conclusion. The plaintiff's objection to that aspect of the report will be overruled.

IV.

The magistrate correctly assessed the record and the claims in light of the proper legal authority.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [R. 85] is **ADOPTED**, and the plaintiff's and defendant's objections [R. 88, 89] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion for summary judgment [R. 80] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the plaintiff's claims brought under Religious Land Use and Institutionalized Persons Act, the Petition Clause of the First Amendment, the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment case are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the case again is referred to Magistrate Judge Mona K. Majzoub under the previous reference order [R. 20] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   September 25, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 25, 2018.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI