UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA DYER,

    Plaintiff,

v.

KARRI OSTERHOUT, MICHAEL
MARTIN, RADWAN MARDINI,
MILLICENT WARREN, ANTHONY
STEWART, ANNETTE TELLAS,
LATASHA BOA, STANLEY BRAGG,
and LARRY SAUNDERS,

    Defendants.

Case Number 15-12867
Honorable David M. Lawson

_____/

# **PROTECTIVE ORDER**

Based on the stipulation of the parties, as modified by the Court,

It is **ORDERED** that:

1.    The computer disk containing video footage of the Officer's Desk in the Programs Building at the Women's Huron Valley Correctional Facility on December 23, 2017 is designated as "Confidential Information" and subject to the restrictions of this order.

2.    The disk listed above may be reviewed only by plaintiff's counsel and their paralegal and clerical assistants in reference to this litigation; it is not to be released to the general public. No copy of the disk listed above shall be provided to, or otherwise published to any prisoner, former prisoner, or any other person not employed by the Michigan Department of Corrections (MDOC), absent further order of this Court.

3.    The disk is limited to use in this captioned case currently pending in the United States District Court, Eastern District of Michigan, Case No. 15-12867, and may be used by

plaintiff's counsel solely for the purposes of this proceeding. The disk may not be disseminated to or kept by any witness.

4. At the conclusion of this case, all copies of the disk listed above shall be returned to Austin C. Raines, Assistant Attorney General (or his successor), for disposition by the MDOC.

5. Filing Under Seal. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

6. Notice to Designating Party. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D.

Mich. LR 7.1(a).  If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3.  If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3.  If the motion is denied, the party may file the material, but not under seal.

7. If the disk listed above is made an exhibit to any deposition, then any portions of the deposition transcript discussing the disk shall be covered by the terms of this protective order.

8. Nothing in this order shall limit plaintiff's counsel from using the disk at a deposition, hearing, or trial in this case in a manner consistent with this order.  Similarly, nothing in this order shall limit plaintiff's counsel from viewing the disk with the plaintiff in connection to this matter, provided that the plaintiff is not provided the disk or a copy to possess.  Further, nothing in this order shall be interpreted to restrict or limit plaintiff's ability to inspect the video under the Court's order regarding the plaintiff's motion to compel (ECF No. 106).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:  February 27, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI